## UNION TRUST CO v HAWKINS

### Ohio Supreme Court

No 20680. Decided June 19, 1929

Syllabus by MARSHALL, CJ.

**DECEDENTS' ESTATES**

(220 G)  Where the owner of property executes to another an instrument under or in connection with which he does not divest himself of the title to any of his estate but provides for the disposition of such property at or after his death and it becomes operative to transfer the property only at the time and by reason of his death, such instrument is testamentary in character.

(220 T)  At common law a trust instrument intended to operate as a conveyance of property at and after the death of the settlor must be consummated by such a distinct and absolute delivery of property by the settlor to the trustee for the benefit of the named beneficiaries as to be a relinquishedment of dominion over it by the settlor.

(220 Wg)  The amendment of **8617 GC,** effective August 14, 1921, authorizes a trust agreement, including the power to alter, amend or revoke the trust, and by virtue of that amendment a trust agreement making a transfer or conveyance of property including such power and to take effect at the death of the creator of the trust, will effect such transfer and conveyance, although the instrument be not executed in conformity with the law of wills.

Robinson, Matthias and Allen, JJ, concur. Kinkade, Jones and Day, JJ, concur in proposition 3 of the syllabus and in the judgment.

## STATE ex AUTOMATIC REGISTERING

### MACHINE CO v GREEN, Director of Finance etc.

### Ohio Supreme Court

No 21676. Decided June 19, 1929

Syllabus by ALLEN, J.

**ELECTIONS**

(240 V2)  A constitutional requirement that all elections be by ballot does not invalidate an otherwise legal enactment providing for the use of voting machines in elections. The term "ballot" designates a method of conducting elections which will insure secrecy, as distinguished from open or viva-voce voting.  (**State, ex rel. Karlin-**ger, v. **Board of Deputy State Supervisors of Elections, 80 Ohio St., 471,** overruled).

**MUNICIPAL CORPORATIONS**

(360 C2)  A charter city is not authorized, under **Section 3 of Article XVIII** of the **Ohio Constitution** to prescribe a method of conducting state and county elections.

Marshall, CJ, Kinkade, Matthias and Day, JJ, concur. Robinson and Jones, JJ, concur in proposition 2 of the syllabus and in the judgment.

## REED v REED

### Ohio Supreme Court

No 21571. Decided June 19, 1929

Syllabus by ALLEN, J.

**DIVORCE & ALIMONY—Real Estate (510 J)**

(230 S)  Service by publication is authorized by **11292** and **11984 GC,** in an action for divorce, alimony and equitable relief, and the trial court has power to make an alimony decree where the only relief sought is the appropriation of real property of the husband, situated within the county, to the payment of the amount that should be allowed for such alimony and support.

Such an action is substantially one **in rem,** and when the petition specifically describes the real property in question, the court has jurisdiction, upon completion of service by publication and hearing upon the merits, to decree the relief sought.

Under **11998 GC,** the decree entered in one county may be made a lien upon real property of the defendant lying within another county in the state.

Marshall, CJ, Kinkade, Jones and Day, JJ, concur. Matthias, J, concurs in propositions 1 and 2 of the syllabus and in the judgment.